## Employment of Counsel by Department of Banking

SCHNADER, Attorney General, July 25, 1931.—You have requested an opinion on the question whether there is any uniform basis for the compensation of attorneys employed by the Secretary of Banking, with the approval of the Attorney General, to perform legal services in connection with the liquidation of banks taken into possession.

In your request you state that when an institution is taken into possession you appoint a special deputy secretary of banking to take charge of the liquidation, that you pay him on a salary basis, and that the maximum salary paid to these special deputies is at the rate of $7500 per annum. I gather from your letter that you feel that there should be some uniform rule for the compensation of attorneys with an established maximum.

Section twenty-four of the Act of June 15, 1923, P. L. 809, provides that when your department has taken possession of a bank you may appoint a special deputy or deputies to assist you in the work of continuing or liquidating the business of the bank, and also that you may employ "such expert assistants and legal counsel" as you may deem necessary.

However, whether this provision has any force is doubtful. Section 906 of The Administrative Code of 1929 provides expressly that the Attorney General, with the approval of the Governor, shall have the power: "From time to time to appoint and fix the compensation of special deputy attorneys general, and special attorneys, to represent the Commonwealth, or any department, board, or commission thereof, in special work or in particular cases;" and section 512 of the same act provides that: "It shall be unlawful for any department, board, commission, or officer, of the Commonwealth, to engage any attorney to represent such department, board, commission, or officer, in any matter or thing relating to the public business of such department, board, commission, or officer, without the approval in writing of the Attorney General." It would seem that all legal services required by or on behalf of any state officer, in connection with the performance of his public duties, must now be provided under these sections of The Administrative Code.

The matter of fixing attorneys' fees is one upon which it is most difficult to establish a general rule. Attorneys in private matters are paid on the basis of their relative experience and ability, and with due regard to the importance of the particular matter in which their services have been rendered. There is no rule which applies generally in such cases.

However, when attorneys are employed in public matters we are not without some guideposts. The legislature has fixed the compensation payable to judges of all of our courts, to the Attorney General and to the district attorneys of the several counties.

Twenty thousand dollars per annum is paid to the chief justice of the Supreme Court, the highest judicial officer of the state, and $19,500 is paid to the other justices of that court. Their duties require their full time.

The salary of the Attorney General is $12,000 per annum, but his time is not necessarily devoted exclusively to the business of the Commonwealth.

Common pleas judges and orphans' court judges in our most populous counties receive a salary of $14,000 per annum, and are precluded from engaging in any other income-producing legal work.

The maximum compensation of deputy attorneys general, although not fixed by statute, is $6000 per annum.

Obviously, a lawyer appointed to render legal services to the Secretary of Banking in connection with the operation or liquidation of a bank in possession is doing public, as distinguished from private, work. He is not relieving the Attorney General from the primary responsibility for advising your department, nor is your department relieved from the duty of seeking the Attorney General's advice. Every such lawyer is, therefore, in effect, appointed to assist in the work of this department. His compensation should be limited accordingly.

It is a fact that the compensation of these attorneys is paid out of the estates of the banks held in possession by your department, but it is also a fact which cannot be ignored that when a bank is taken into possession its continuance or liquidation is under the supervision of your department acting as an agency of the Commonwealth. Depositors and stockholders have a right to expect that the Commonwealth will jealously protect them against any unnecessary expense or excessive charge of any character whatsoever.

While it is not possible to establish any uniform standard or fix any iron-clad limitation, nevertheless, in our judgment, $20,000 should be regarded as the maximum compensation for legal services rendered to the Commonwealth in connection with any closed bank, unless the services extended over a period exceeding a year, or unless counsel was required to conduct litigation for the

760

recovery of large sums of money and brought such litigation to a successful conclusion.

The ordinary foreclosure of mortgages and the institution of ordinary lawsuits for reducing to judgment claims against debtors clearly do not justify exceptionally large fees.

We have indicated what the maximum compensation should be, unless the circumstances are extraordinary. It is only proper to say that in our judgment there are very few instances in which a fee of this size would be proper. In the large majority of cases the services rendered are certainly no more important than those rendered by the regular deputies of this department, and the basis of compensation should be substantially the same.

From C. P. Addams, Harrisburg, Pa.